# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-1021-D |
| | ) |
| FRANCISCO SERRANO, individually | ) |
| and d/b/a Club Gallo DE ORO, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff brings this action, alleging it held the exclusive nationwide television distribution rights to the *"Mayhem": Floyd Mayweather, Jr. v. Marcos Rene Maidana, II*, WBC World Lightweight Championship Fight Program, telecast on Saturday, September 13, 2014, and Defendant unlawfully broadcasted the program at its Oklahoma City location. Plaintiff was granted leave to serve Defendant by publication [Doc. No. 7] and Defendant failed to answer or otherwise respond to the Complaint. On February 1, 2017, the Court Clerk entered default against Defendant [Doc. No. 10]. Before the Court is Plaintiff's Motion for Default Judgment [Doc. No. 11]. Defendant has not responded to the Motion.

A procedural requirement for the grant of default judgment by the Court[1] is that the motion be accompanied by an affidavit in compliance with LCvR 55.1, which states that "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." In this regard, the Act provides:

> In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit-
> (A) stating whether or not the defendant is in military service and *showing necessary facts* to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. § 3931(b)(emphasis added). The affidavit submitted by Plaintiff's counsel states that "Defendant is not believed to be an infant, incompetent person, or person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940." *See* Decl. in Support of Pl. Mot. for Entry of Default by Clerk, ¶ 5 [Doc. No. 9-1]; *see also* Mot. for Default Judgment, ¶ 3(a).

---

[1] When a defendant fails to answer or otherwise defend against an action, Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps: the entry of default and the entry of default judgment. *See* Fed. R. Civ. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n. 1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of the Court to enter default. Fed. R. Civ. P. 55(a). Only when the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (holding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)).

Plaintiff, however, offers no documentation or other evidence supporting this assertion as required by the statute. Consequently, the affidavit is inadequate because it does not show necessary facts to support Plaintiff's belief that Defendant is not in military service. *See Premier Fin. Servs., LLC v. Morris*, No. CV-09-00947, 2010 WL 3342002, at *1 (D. Ariz. Aug. 25, 2010) ("Because the [Servicemembers Civil Relief Act] requires that 'facts must be set forth, an affidavit made upon information and belief is insufficient' to satisfy the statute's affidavit requirement.") (quoting *United States v. Simmons*, 508 F.Supp. 552, 552 n. 1 (E.D. Tenn. 1980) (further citations omitted)).[2]

Accordingly, because Plaintiff has failed to establish necessary facts to support counsel's affidavit, Plaintiff's Motion for Default Judgment [Doc. No. 11] is **DENIED** without prejudice to refiling.

**IT IS SO ORDERED** this 8th day of May 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] *Compare UMG Recordings, Inc. v. Morgan*, CIV-06-545, 2006 WL 3626752, at *2 (W.D. Okla. Oct. 18, 2006) (granting motion for default judgment where "[p]laintiffs submitted the affidavit [stating] that a search of available public databases indicates that Defendant is not in the military service."); *Fonovisa, Inc. v. Villasana*, No. Civ.A. 05-CV-539, 2005 WL 3274560, at *1 (D. Colo. Sept. 6, 2005) (granting motion for default judgment where "[p]laintiffs have tendered an affidavit averting that ... a search in the U.S. Military Locator database of LexisNexis indicates that Defendant is not in military service").